UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LAMELLE LEE BILLIP,** | Civil No. 24-1438 (SDW-AME) |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **THE NEW JERSEY CARDIOVASCULAR INSTITUTE AT UMD, et al.,** | |
| **Defendants.** | |

IT APPEARING THAT:

1. On or about March 1, 2024, Plaintiff Lamelle Lee Billip, a prisoner confined in South Woods State Prison in Bridgeton, New Jersey, filed a *pro se* civil rights complaint. On April 8, 2024, this Court administratively terminated the matter, subject to reopening upon Plaintiff's payment of the filing fee or submission of a properly completed application to proceed *in forma pauperis* ("IFP") under § 1915(a).

2. On May 6, 2024, Plaintiff submitted an IFP application (ECF No. 4) that establishes his financial eligibility to proceed without prepayment of the filing fee under § 1915(a), and his application will be granted.

3. When a plaintiff is granted *in forma pauperis* status, the district court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the complaint are the New Jersey Cardiovascular Institute at UMD (cardiology), University of Medicine and Dentistry of New Jersey (anesthesiology), Northern State Prison (guards), and South Woods State Prison (medical department).

6. Plaintiff alleges the following facts in the complaint. Plaintiff was a convicted and sentenced state prisoner incarcerated in Northern State Prison on December 21, 2023, when he had open heart surgery at the New Jersey Cardiovascular Institute at UMD. When Plaintiff woke up from the surgery, he had very bad burns on his head and under his nose. No one could explain what had happened. The anesthesiologists ignored Plaintiff's questions. Guards from Northern State Prison, posted at the hospital, ignored Plaintiff's complaints and would not let him call his lawyer. On or about January 4, 2024, Plaintiff was released from the hospital into South Woods State Prison. Plaintiff was afraid to return to the New Jersey Cardiovascular Institute at UMD, but staff at South Woods State Prison sent him back against his wishes.

7. "Only 'unnecessary and wanton infliction of pain,' or 'deliberate indifference to the serious medical needs' of prisoners, … are sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. at 103 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Medical malpractice does not rise to the level of constitutional violation. *Id.* (quoting *Estelle* 429 U.S. at 106). Plaintiff, not knowing how he was burned on his head during open heart surgery, has not alleged sufficient facts

to state a claim of deliberate indifference to his serious medical need by the anesthesiologist, the hospital where he had surgery, or the Northern State Prison guards who refused to let him call a lawyer from the hospital.  Medical malpractice claims arise under state law.  This Court lacks jurisdiction over state law claims where supplemental jurisdiction does not exist under 28 U.S.C. § 1367, and diversity jurisdiction does not exist under 28 U.S.C. § 1332.

8.  "[A] prison may compel a prisoner to accept treatment when prison officials, in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives." *White*, 897 F.2d at 113.  Plaintiff has not alleged sufficient facts to state a claim against staff in the South Woods State Prison Medical Department for transporting Plaintiff to the New Jersey Cardiovascular Institute at UMD for follow up after his heart surgery, despite his fear of malpractice and against his wishes.

9.  For these reasons, the Court will dismiss the amended complaint for failure to state a claim. Plaintiff will be granted leave to file a second amended complaint within 45 days.

An appropriate Order follows.


DATE: _____July 22_____, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge

3